UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | Case No. 2:25-cv-2547-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| FOLSOM CASE RECORDS DEPT., *et al.*, | |
| Defendants. | |

Plaintiff, a former prisoner, alleges that defendants Folsom Case Records Dept, S. Stow, and J. Goldsmith violated his rights when they prolonged his sentence by failing to restore his good time credits. ECF No. 1 at 4. The complaint as articulated does not, for the reasons stated below, state a cognizable claim. I will dismiss the complaint and give plaintiff leave to amend to address the deficiencies identified below. Additionally, despite plaintiff's status as a "three-striker," I will grant his application to proceed *in forma pauperis*, ECF No. 2, because it appears that, when this action was filed, he was no longer a prisoner.

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20  **II.   Analysis**

21  Plaintiff's short complaint alleges that, on September 21, 2021, he lost sixty days of good
22  time credits after being found guilty of two disciplinary violations. ECF No. 1 at 4. His earliest
23  possible release date changed from April 15, 2023, to June 14, 2023. *Id.* He claims that he
24  ultimately succeeded in getting these disciplinary convictions reversed, but that defendants
25  refused to make the appropriate corrections, and he was released in June rather than April 2023.[1]
26  *Id.* The complaint is inadequate, however, because it is bereft of detail. Plaintiff does not state

---

[1] The complaint states that petitioner was released in June 2022 but, given the earlier allegations, I assume that this is a typographical error.

when each defendant was informed of the reversal of his convictions, what reasons, if any, they gave for refusing to restore the credits, or what individual responsibility or culpability each bore. He alleges nothing more than that these defendants were "in charge of making [the] corrections" and "refused to do so." *Id.* This is the sort of unadorned allegation that the Supreme Court has held does not meet federal pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Additionally, the Folsom Case Records Department appears to be a subpart of the California Department of Corrections and Rehabilitations itself, which is protected from money damages claims (the only type of relief plaintiff seeks) by sovereign immunity. *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).

     I will give plaintiff an opportunity to amend so that he may address these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

     Accordingly, it is ORDERED that:

     1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

     2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

     3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

     4. The Clerk of Court shall send plaintiff a complaint form with this order.

     5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:  October 20, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE