UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>Plaintiff,<br>v.<br>S. STOW, *et al.*,<br>Defendants. | Case No. 2:25-cv-2547-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff brought this action alleging that defendants failed to update his prison records to reflect his accurate release date. ECF No. 1 at 4, 6. On May 11, 2026, defendants filed a motion seeking to declare plaintiff vexatious and requiring him to post security in order to continue with this action. ECF No. 14. Plaintiff filed an opposition, ECF No. 15, and defendants filed a reply, ECF No. 16. For the reasons stated hereafter, I recommend that the motion be granted and that plaintiff be required to post bond money before being allowed to pursue this case.

Motion to Deem Plaintiff Vexatious

I. Legal Standard

District courts may, when necessary, issue pre-filing orders that restrict a litigant's ability to file new cases. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("We recognize that there is strong precedent establishing the inherent power of federal courts to regulate the

activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (internal quotation marks omitted). While such orders are rare, and an extreme remedy, they may be appropriate where a litigant has repeatedly and flagrantly abused the judicial process. *Id.* at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

This district has adopted the provisions of Title 3A, part 2 of the California Code of Civil Procedure regarding vexatious litigants. Those provisions define a vexatious litigant as:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the person or . . .
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

Cal. Code Civ. Pro. § 391(b). California's vexatious litigant statutes provide "two distinct and complementary sets of remedies." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011). First, the court can require a plaintiff to furnish security to "assure payment . . . of the [defendant's] reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391.1. If the plaintiff fails to furnish the security, the action will be dismissed. *Shalant*, 51 Cal. 4th at 1170 (citing Cal. Code Civ. P. § 391.4). In addition to requiring security, the court may also enter a prefiling order that prevents a plaintiff from filing any new action in propria persona without first obtaining leave of court. *Id.* (citing Cal. Civ. Proc. Code § 391.7). And, pursuant to federal law, before declaring a litigant vexatious, a court must: provide him with (1) an opportunity to be heard, (2) create an

adequate record for review, (3) make substantive findings as to the frivolousness of the litigant's actions, and (4) ensure its pre-filing order is narrowly tailored to address the specific form of abuse engaged in by the litigant. *De Long*, 912 F.2d at 1147-48.

II. <u>Analysis</u>

Defendants ask that I take judicial notice of court records showing that, within the last seven years, plaintiff has filed at least thirty-two unsuccessful civil lawsuits or appeals. I will do so. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). For the reasons that follow, defendants' motion should be granted.

A. <u>An Opportunity to be Heard</u>

The first element is met because plaintiff was served with defendant's motion and has filed an opposition, ECF No. 15. *See Kelmar v. Bank of Am. Corp.*, 599 F. App'x 806, 807 (9th Cir. 2015) (opportunity to be heard was satisfied where "the district court gave [the litigant] an opportunity to oppose entry of the vexatious litigant order.").

B. <u>Adequate Record for Review</u>

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. As noted in defendants' motion, plaintiff has brought thirty-two unsuccessful lawsuits or appeals in the last seven years.

(1) *Williams v. A. Rocha, et al.* No. 1:22-CV-00095-KES-SKO ((E.D. Cal.) – voluntarily dismissed "due to unforeseen circumstances" in November 2024. ECF No. 14-3 at 10-11.

(2) *Williams v. Navarro, et al.*, No. 22-55974 (9th Cir. 2024) – decision of district court granting summary judgment in defendants' favor affirmed. ECF No. 14-3 at 14. Finding that court lacked jurisdiction over a separate grant of summary judgment because plaintiff did not file an amended or separate notice of appeal.

(3) *Williams v. Thierry*, No. 22-15575 (9th Cir. 2024) – decision of district court to deny plaintiff's *in forma pauperis* application was affirmed.

(4) *Williams v. R. Farley, et al.*, No. 23-55567 (9th Cir. 2024) – appeal dismissed as frivolous. ECF No. 14-3 at 21.

(5) *Williams v. R. Parsells*, No. 2:22-cv-0514-KJM-KJN (E.D. Cal.) – dismissed on December 2023 after plaintiff repeatedly failed to attend his deposition. ECF No. 14-3 at 23-24.

(6) *Williams v. Jalijali, et. al.*, No. 2:22-cv-0605-KJM-JDP (E.D. Cal.) – dismissed for failure to pay the filing fee after being denied in forma pauperis status due to past "strikes." ECF No. 14-3 at 26.

(7) *Williams v. Lacroix*, No. 2:22-cv-0513-DJC-AC (E.D. Cal.) – dismissed when plaintiff failed to be pay the filing fee after being ordered to do so. ECF No. 14-3 at 28.

(8) *Williams v. Childress, et al.*, No. 1:21-cv-1793-KES-SAB (E.D. Cal.) – dismissed for failure to prosecute. *Id.* at ECF Nos. 19 & 24.

(9) *Williams v. S. Sabo, et al.*, No. 2:20-cv-01373-PA-KK (C.D. Cal.) – dismissed after plaintiff's *in forma pauperis* status was revoked, and he failed to pay the filing fee. ECF No. 14-3 at 37-38.

(10) *Williams v. Allison, et al.*, No. 2:21-cv-00051-CKD (PC) (E.D. Cal.) – dismissed with prejudice after court found that plaintiff submitted his in forma pauperis application in bad faith. ECF No. 14-3 at 47-48.

(11) *Williams v. Allison, et al.*, No. 22-17007 (9th Cir. 2023) – appeal dismissed as frivolous. ECF No. 14-3 at 40.

(12) *Williams v. Arias, et al.*, No. 1:21-cv-01794-ADA-SAB (E.D. Cal.) – dismissed after plaintiff was ordered to pay the filing fee and failed to do so. ECF No. 14-3 at 51-52.

(13) *Williams v. Vera, et al.*, No. 1:22-cv-00096-ADA-EPG (E.D. Cal.) – dismissed after plaintiff was ordered to pay the filing fee and failed to do so. ECF No. 14-3 at 54-55.

(14) *Williams v. Navarro, et al.*, No. 22-55426 (9th Cir. 2022) – appeal dismissed for lack of jurisdiction. ECF No. 14-3 at 57.

(15) *Williams v. Corcoran State Prison, et al.*, No. 1:21-cv-1009-JLT-BAM (E.D. Cal.) – dismissed for failure to prosecute after plaintiff failed to adhere to page limitation placed on his complaint. ECF No. 14-3 at 60-61.

(16) *Williams v. Peterson, et al.*, No. 1:22-cv-0019-JLT-EPG, (E.D. Cal.) – dismissed after plaintiff failed to pay the filing fee. ECF No. 14-3 at 64.

(17) *Williams v. Thierry, et al.*, No. 1:21-cv-01792-JLT-CDB (E.D. Cal.) – dismissed with leave to refile after paying the filing fee after finding that plaintiff was a "three-striker" within the meaning of section 1915(g). ECF No. 14-3 at 66-67.

(18) *Williams v. Ortega*, No. 21-56371 (9th Cir. 2022) – appeal dismissed for lack of jurisdiction. ECF No. 14-3 at 69.

(19) *Williams v. Buenostrome, et al.*, No. 20-55393 (9th Cir. 2021) – decision of district court that plaintiff failed to exhaust administrative remedies before filing suit affirmed. ECF No. 14-3 at 71-72.

(20) *Williams v. De La Garza*, No. 20-56298 (9th Cir. 2021) – appeal dismissed for failure to prosecute after plaintiff failed to respond to a court order. ECF No. 14-3 at 74.

(21) *Williams v. Hernandez, et al.*, No. 20-56292 (9th Cir. 2021) -- appeal dismissed for failure to prosecute after plaintiff failed to respond to a court order. ECF No. 14-3 at 76.

(22) *Williams v. Navarro, et al.*, No. 20-56163 (9th Cir. 2021) – appeal dismissed as frivolous. ECF No. 14-3 at 78.

(23) *Williams v. Navarro, et al.*, No. 20-56210 (9th Cir. 2020) – appeal voluntarily dismissed. ECF No. 14-3 at 80.

(24) *Williams v. Hernandez, et al.*, No. 2:20-cv-8280-PA-KK (C.D. Cal.) – dismissed for failure to pay the filing fee. ECF No. 14-3 at 82.

(25) *Williams v. California Men's Colony, et al.*, No. 2:20-cv-8282-PA-KK (C.D. Cal.) – dismissed for failure to pay the filing fee. ECF No. 14-3 at 84.

(26) *Williams v. De La Garza*, No. 2:20-cv-8220-PA-KK (C.D. Cal.) – dismissed for failure to pay the filing fee. ECF No. 14-3 at 86.

(27) *Williams v. Diaz*, No. 2:19-cv-10239-PA-KK (C.D. Cal.) – habeas petition dismissed. ECF No. 14-3 at 88.

(28) *Williams v. Gastelo*, No. 2:19-cv-9871-PA-KK (C.D. Cal.) – habeas petition dismissed. ECF No. 14-3 at 90.

(29) *Williams v. Buenrostro, et al.*, No. 17-cv-2345-MMA-JLB (S.D. Cal.) – summary judgment granted in defendants' favor due to plaintiff's failure to exhaust. ECF No. 14-3 at 106.

(30) *Williams v. Villescaz, et al.*, No. 20-16179 (9th Cir. 2020) – appeal dismissed for lack of jurisdiction. ECF No. 14-3 at 110.

(31) *Williams v. Ortega, et al.*, No. 19-56341 (9th Cir. 2019) – appeal dismissed for lack of jurisdiction. ECF No. 14-3 at 112.

(32) *Williams v. Romero, et al.*, No. 19-16404 (9th Cir. 2019) – appeal dismissed for lack of jurisdiction. ECF No. 14-3 at 114.

C. <u>Frivolousness of the Actions</u>

Plaintiff's litigation history reflects frivolity and abuse. As indicated above, the Ninth Circuit has already found three of his appeals to be frivolous. ECF No. 14-3 at 21, 40, & 78. Additionally, plaintiff's litigation reveals a disturbing pattern of moving for *in forma pauperis* status in actions where he knew or should have known that he had no entitlement to do so. This is evidenced by the large number of cases, listed above, where plaintiff's *in forma pauperis* application was denied and he subsequently failed to pay the filing fee after being ordered to do so. This strongly suggests that plaintiff was attempting to game the system, hoping that some of his *in forma pauperis* applications would slip through if a district court failed to recognize his status as "three-striker." I note that he was allowed to proceed *in forma pauperis* in this case only because, at the time of filing, he was no longer a prisoner. ECF No. 5 at 1. Additionally, the large number of cases opened over the past seven years (including four additional cases in this district since this action was filed, *see Williams v. Romo*, 2:25-cv-2548-EFB, *Williams v. Peterson*, 2:25-cv-2549-EFB, *Williams v. CDCR*, 2:25-cv-3743-TLN-CSK, *Williams v. Hall*, 2:26-cv-1850-DJC-JDP) indicates that plaintiff may approach litigation not as a means to redress actual violations of his rights but as a form of harassment against entities and individuals.

Finally, the instant action appears, as defendants argue, foreclosed by the statute of limitations. Plaintiff's claims accrued by February 6, 2022, when he submitted a grievance

complaining about the failure to calculate his release date correctly. ECF No. 14-2 at 8-9.[1] Plaintiff's grievance claim was granted and his administrative remedies fully exhausted on June 8, 2022. *Id.* at 10-11. Plaintiff was entitled to equitable tolling while he was imprisoned, but he was released on June 19, 2022, and, thus, under California's two-year statute of limitations, his claims in this action must have been brought by June 19, 2024. *Covey v. Iberdemaj*, No. 1:25-cv-00477-KES-BAM (PC), 2026 U.S. Dist. LEXIS 43464, *10 (E.D. Cal. Mar. 3, 2026) ("Plaintiff's § 1983 claims are therefore subject to California's two-year statute of limitations . . . ."). This action was not brought, however, September 5, 2025. ECF No. 1. Thus, this action appears untimely and plaintiff is not likely to succeed in his claims.

D. <u>Requirement to Post Security</u>

Defendants ask that plaintiff be required to tender a bond of $26,448.00, the amount they have incurred in litigation this action, before this case can proceed. ECF No. 14-1 at 23. If the court finds that "the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant[,] . . . it must order the plaintiff to furnish security in such amount and within such time as the court shall fix." *Shalant*, 51 Cal. 4th at 1170 (citing Cal. Civ. Proc. Code § 391.3). Security is defined as "an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted caused to be instituted, or maintained or caused to be maintained by a vexatious litigant." Cal. Civ. Proc. Code § 391(c).

I agree that plaintiff should be required to post a bond but find the proposed amount to be excessive compared to other bonds required in this district. *See Howell v. Johnson*, No. 2:19-cv-0611 DB P, 2021 WL 3418437, at *13 (E.D. Cal. Aug. 5, 2021) (finding $8,800 a reasonable amount for security); *Fields v. Patterson*, 1:10-cv-01700-LJO-EPG-PC, 2016 WL 1162083, *12

---

[1] I take judicial notice of these grievance records attached to defendants' motion. *See Patton v. Thornton*, No. 2:25-CV-1816-ICD-P, 2026 U.S. Dist. LEXIS 233758, *9 (E.D. Cal. Oct. 9, 2026) (taking judicial notice of prisoner grievance records, stating "[n]evertheless, because Grievance Log No. 624080 is an administrative record of a state body whose authenticity is not in dispute, it can be judicially noticed as a matter of public record for the purposes of ruling on a motion to dismiss under Rule 12(b)(6).").

(E.D. Cal. Mar. 2016) (approving the defendant's request for security in the amount of $7,905.00, which was "a conservative estimate of the amount expended to date"). In light of plaintiff's barrage of non-meritorious case filings and repeated attempts to abuse *in forma pauperis* status, I recommend that he be required to post a five-thousand-dollar bond before this case can proceed.

<u>Conclusion</u>

Accordingly, it is ORDERED that the Clerk of Court assign a district judge to this action.

Further, it is RECOMMENDED that:

1. Defendants' motion to deem plaintiff vexatious and require security, ECF No. 14, be GRANTED in all respects, save for the amount of bond requested.

2. Within fourteen days of any order adopting these findings and recommendations, plaintiff be required to post security in the amount $5,000 to proceed with this action. If he fails to furnish that bond within the deadline, this action should be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within forty-five days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE